[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10274
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2005
THOMAS K. KAHN
CLERK

BIA No. A77-894-668

SERGIY GUDYM,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

**(September 19, 2005)**

Before CARNES, HULL and MARCUS, Circuit Judges

PER CURIAM

Sergiy Gudym, proceeding with counsel, petitions for review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ")

denial of his application for asylum and withholding of removal. After review, we deny Gudym's petition for review.

## I. BACKGROUND

Gudym, a native and citizen of Ukraine, entered the United States from Mexico without inspection. Gudym subsequently submitted an application for asylum, withholding of removal, and CAT relief alleging persecution on account of his Baptist religion.[1] Essentially, Gudym's application asserted that he was threatened and beaten because of his Baptist faith and that he was terminated from his job as a school teacher because he was Baptist. Finally, Gudym asserted that he was unable to find other employment because of his Baptist faith.[2]

The IJ denied Gudym's application after finding Gudym's testimony and supporting documentation lacked credibility. Specifically, the IJ noted that Gudym's testimony that he had been arrested because of his Baptist faith was not

---

[1]In his brief on appeal, Gudym does not raise any challenge to the IJ's or BIA's denial of CAT relief. "When an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2]An alien who arrives in or is present in the United States may apply for asylum. See 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1). A "refugee" is
> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

2

credible because he did not mention any arrests in his application and, in fact, checked the box on his application indicating that he had never been arrested in Ukraine. The IJ also noted the fact that Gudym testified that his ex-wife (who is still living in Ukraine) was not Baptist, but earlier had told the asylum officer that his ex-wife had been fired and received threats because of her Baptist faith.[3] The IJ also found that differences between Gudym's application and his testimony concerning the dates of certain key events rendered him not credible. In fact, the IJ determined that Gudym's claim of being a Baptist was not credible.

The BIA also determined independently that Gudym was not credible. According to the BIA, Gudym told the asylum officer that his ex-wife was a Baptist and had been fired from her job and received threatening letters due to her faith. However, Gudym testified before the IJ that his ex-wife was not a Baptist. The BIA also concluded that Gudym was not credible because of the differences between his interview with the asylum officer and his testimony before the IJ regarding certain key dates. For example, Gudym told the asylum officer that he was beaten and lost consciousness in June of 1996. However, he testified before the IJ that this incident occurred in the Fall of 1995.

Like the IJ, the BIA also noted that Gudym's testimony that he had been arrested because of his Baptist faith was not credible because he had failed to

---

[3]Gudym was not divorced until after he came to the United States.

mention any arrests in his application and checked the box on his application indicating that he had never been arrested in Ukraine. However, the BIA rejected the IJ's credibility finding regarding Gudym's claim that he was a Baptist.

Based on its adverse credibility determination, the BIA denied Gudym's application for asylum and withholding of removal.

Gudym petitions this Court for review.

## II. DISCUSSION

A.    Standard of Review

Because the BIA issued its own opinion, we review that opinion because it is the final determination of the agency. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). As stated numerous times before, we review "the [BIA]'s factual determinations under the substantial evidence test." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citations omitted). Furthermore,

> [u]nder this highly deferential test, we affirm the [BIA]'s decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Thus, we do not engage in a de novo review of factual findings by the [BIA]. Similarly, we cannot find, or consider, facts not raised in the administrative forum, nor can we reweigh the evidence from scratch.

Id. (quotation marks, citations, and alterations omitted). This Court has also concluded that "[a]s with other factual findings, credibility determinations likewise

are reviewed under the substantial evidence test. That is, the trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the [BIA] with respect to credibility findings." Id. (quotation marks, citations, and alterations omitted).

B.    The BIA's Adverse Credibility Determination Regarding Gudym

In this case, the BIA made very specific, cogent findings as to Gudym's credibility. Furthermore, the BIA determined that the differences and inconsistences between Gudym's application and testimony were material.

This Court has concluded that

the [BIA] must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA]'s credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Id. at 1287 (quotation marks and citations omitted).

The cumulative differences between Gudym's asylum application, other documentary evidence, and testimony are such that it was clearly reasonable for the BIA to conclude that Gudym's testimony was not credible. See D-Muhumed, 388 F.3d at 819 ("[T]he [BIA]'s extremely detailed adverse credibility determination alone may be sufficient to support the [BIA]'s denial of [a

5

petitioner's] petition.").  Furthermore, Gudym has not carried his burden in rebutting the BIA's adverse credibility finding.

Because we cannot substitute our judgment for that of the BIA, and because the BIA considered all the relevant evidence in the record in making its adverse credibility determination, we conclude that the BIA's denial of Gudym's application for asylum and withholding of removal is supported by substantial evidence.[4]

**PETITION DENIED.**

---

[4]Gudym also argues that the IJ erred in considering certain letters supposedly from his ex-wife that cast doubt on his claim.  However, the BIA specifically concluded that it would have reached the same credibility determination with or without those letters.